UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS BADALAMENTI** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-10849** |
| **LOUISIANA DEPARTMENT OF WILDLIFE AND FISHERIES ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 8). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Louis Badalamenti alleges that Defendants, the Louisiana Department of Wildlife and Fisheries (LDWF) and Jack Montoucet, in his official capacity as Secretary of the LDWF, have excluded Plaintiff from participating in bow hunting because of his disability. Plaintiff alleges that he suffers from diabetic neuropathy and Dupuytren's disease in his hands, making it difficult and painful for him to "grasp objects, perform simple

1

movements, and apply force and pressure."[1] Plaintiff alleges that his disability makes drawing a conventional archery bow impossible, but he is able to operate an airbow, which can be operated with little grasping or squeezing strength. Plaintiff argues that the use of an airbow is a necessary and reasonable accommodation for his disability. Plaintiff made a request to Defendants to be allowed to use an airbow to hunt during the whitetail deer archery hunting season, but Defendants denied his request outright because it is illegal to hunt with an airbow under Louisiana law. Plaintiff now brings this action, alleging that Defendants have violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act by refusing to provide him with a reasonable accommodation for his disability.

Defendants move to dismiss Plaintiff's claims because (1) Defendants are entitled to sovereign immunity from Plaintiff's claims and (2) Plaintiff fails to state a valid claim. The Court will consider these arguments in turn.

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[2] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint

---

[1] Doc. 1.
[2] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

supplemented by undisputed facts and by the court's resolution of disputed facts.[3] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[4]

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[5] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[6] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7] The court need not, however, accept as true legal conclusions couched as factual allegations.[8] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[10] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[11]

---

[3] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[4] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[5] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[6] *Id.*
[7] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[8] *Iqbal*, 556 U.S. at 678.
[9] *Id.*
[10] *Lormand*, 565 F.3d at 255–57.
[11] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

### I. Sovereign Immunity

First, Defendants allege that Plaintiff's claims are barred by the doctrine of Eleventh Amendment sovereign immunity. The Eleventh Amendment prohibits an individual from suing a state or a state agency in federal court "unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."[12] The Fifth Circuit has held that Defendant LDWF, a state agency, is an alter ego of the state and therefore entitled to Eleventh Amendment immunity.[13] Accordingly, LDWF is entitled to immunity from Plaintiff's claims under Title II of the ADA and the Rehabilitation Act unless Plaintiff can show that the state has waived the immunity or Congress has abrogated it.

#### *A. Rehabilitation Act*

Plaintiff alleges that Defendant LDWF has waived sovereign immunity under the Rehabilitation Act (RA) by accepting federal funding. LDWF does not contest that it accepts federal funding under the Pittman-Robertson Wildlife Restoration Act (PRWRA). It argues, however, that it has retained sovereign immunity from suit under the RA because (1) the PRWRA does not contain waiver language and (2) federal funds are not used for its archery hunting license programs.

Defendant's first argument fails, as 42 U.S.C. § 2000d–7 "conditions a state's receipt of federal money on its waiver of Eleventh Amendment immunity to actions under § 504 and other federal anti-discrimination

---

[12] Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002).
[13] Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 187 (5th Cir. 1986).

statutes."[14] The Fifth Circuit has held that § 2000d–7 "put each state on notice that, by accepting federal money, it was waiving its Eleventh Amendment immunity." "With § 2000d-7, Congress struck a bargain with the states: if a federal statute prohibits discrimination on a certain basis by recipients of federal money, then a state entity that receives federal money is subject to suit in federal court for violations of that nondiscrimination provision."[15]

LDWF next argues that while it receives federal money, that money is not used to administer the program that is the subject of this suit. Defendant alleges that archery hunting licenses are not implicated in the PRWRA's requirements to receive funding. It argues that archery hunting is purely state-funded and regulated and therefore Louisiana did not waive its sovereign immunity as to claims involving archery by accepting funding under the PRWRA. Defendant does not, however, cite to any statute or case law supporting its narrow position that sovereign immunity is only waived as to those activities that are federally funded. Rather, § 2000d-7 specifically addresses discrimination by "recipients" of federal funding. LDWF receives federal funding; whether it uses that funding to regulate archery is irrelevant. Accordingly, the state has waived sovereign immunity as to Plaintiff's RA claim.

### B. *Title II ADA*

Defendants next argue that sovereign immunity bars Plaintiff's claims under Title II of the ADA. Plaintiff points out that his only claim under the

---

[14] Pace v. Bogalusa City Sch. Bd., 403 F.3d 272, 280 (5th Cir. 2005).
[15] Esparza v. Univ. Med. Ctr. Mgmt. Corp., No. CV 17-4803, 2017 WL 4791185, at *6 (E.D. La. Oct. 24, 2017).

ADA is for injunctive relief against Montoucet. He argues therefore that sovereign immunity does not apply under the *Ex parte Young* doctrine.

The *Ex parte Young* exception permits suits by private citizens against individual state officials solely for the purpose of enjoining the enforcement of an unconstitutional state statute where the particular state officer defendant has "some connection" with the act's enforcement.[16] Defendants argue, unconvincingly, that *Ex parte Young* should not apply in this case because the relief requested by Plaintiff intrudes on the State's sovereign interest in managing its property, i.e., its deer. In so arguing, Defendants rely on the Supreme Court's decision in *Idaho v. Coeur d'Alene Tribe of Idaho*, which suggests a case-by-case application of the *Ex parte Young* doctrine.[17] The Fifth Circuit has recognized, however, that the majority Court in *Coeur d'Alene Tribe* "would continue to apply the rule of *Ex parte Young* as it has been traditionally understood."[18] That is, "that a federal court is not barred by the Eleventh Amendment from enjoining state officers from acting unconstitutionally, either because their action is alleged to violate the Constitution directly or because it is contrary to a federal statute or regulation that is the supreme law of the land."[19] Here, Plaintiff argues that Montoucet's enforcement of a state law that prohibits the use of an airbow to hunt violates federal disability discrimination law. Accordingly, the *Ex parte Young* doctrine squarely applies, and Plaintiff's ADA claim is not barred by sovereign immunity.

---

[16] *See* Ex parte Young, 209 U.S. 123, 157 (1908).
[17] 521 U.S. 261, 270 (1997).
[18] Earles v. State Bd. of Certified Pub. Accountants of La., 139 F.3d 1033, 1039 (5th Cir. 1998).
[19] *Id.*

## II. Failure to State a Claim

Because Defendants fail to show that they are entitled to sovereign immunity from Plaintiff's claims, this Court now addresses their arguments that Plaintiff's Complaint fails to state a claim upon which relief can be granted. A plaintiff states a claim for relief under Title II of the ADA if he alleges: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability."[20] "The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act of 1973 . . . . Jurisprudence interpreting either section is applicable to both."[21] Defendants argue that Plaintiff has failed to adequately plead any of the elements of his claims.

### A. *Qualified Disability*

First, Defendants argue that Plaintiff has not alleged facts to support a finding that he is a qualified individual with a disability under Title II. The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment."[22] Plaintiff's Complaint alleges the following physical impairments: amputation of his lower extremities, diabetic neuropathy with nerve damage in both hands, and Dupuytren's disease in both hands. Defendants argue, however, that

---

[20] Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011).
[21] Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000).
[22] 42 U.S.C. § 12102(1).

7

Plaintiff cannot show that his disability limits a major life activity because hunting via archery does not constitute a major life activity under the ADA.

Under the ADA, "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[23] Plaintiff does not allege that bow hunting is a major life activity. Rather, he alleges that his impairments prevent him from opening doors, lifting, performing tight grasping maneuvers, and applying force or pressure. He argues that his impairments substantially limit the major life activities of performing manual tasks and lifting. Accordingly, under the plain language of the ADA, Plaintiff's Complaint sufficiently alleges a qualified disability—a physical impairment that substantially limits one or more major life activities. Defendants do not cite to any case supporting their position that, in order to qualify as disabled under the ADA, a plaintiff's claim must implicate a major life activity. Defendants' argument therefore fails.

### B. Denial of Benefits

Second, Defendants argue that Plaintiff has not alleged facts supporting his claim that Defendants denied him the opportunity to hunt via archery where his requested accommodation is unreasonable and there are several reasonable accommodations already offered under state law that would allow him to hunt via archery despite his disability. This Court holds that the reasonableness of Plaintiff's accommodation request or his ability to utilize

---

[23] *Id.* § 12102(2).

other accommodations are inappropriate inquiries at the motion to dismiss stage. Plaintiff "does not need to prove the reasonableness of his accommodation request in order to survive a motion to dismiss."[24] Accordingly, Defendants' argument fails.

### *C. By Reason of Disability*

Next, Defendants argue that Plaintiff's Complaint fails to demonstrate facts supporting his claim that Defendants' denial of his request to hunt with an airbow was "by reason of his disability." Defendants argue that the law prohibiting use of an airbow to hunt applies equally to all hunters and therefore Plaintiff was not discriminated against on the basis of his disability.

Defendants' argument is misguided. "The ADA and the Rehabilitation Act impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals."[25] "By requiring reasonable accommodation, the ADA shifts away from similar treatment to different treatment of the disabled by accommodating their disabilities."[26] Indeed, "[t]he purpose of the ADA's reasonable accommodation requirement is to guard against the facade of 'equal treatment' when particular accommodations are necessary to level the playing field."[27] Plaintiff has sufficiently alleged that Defendants failed to accommodate his disability or even entertain his request for an accommodation.

---

[24] Falls v. Hous. Auth. of Jefferson Par., No. CV 15-6501, 2016 WL 1366389, at *6 (E.D. La. Apr. 6, 2016).
[25] Cadena v. El Paso Cty., 946 F.3d 717, 723 (5th Cir. 2020).
[26] Riel v. Elec. Data Sys. Corp., 99 F.3d 678, 681 (5th Cir. 1996).
[27] McGary v. City of Portland, 386 F.3d 1259, 1267 (9th Cir. 2004).

### *D. Defendants' Authority to Grant Relief*

Finally, Defendants argue that Plaintiff cannot succeed on his claims because Defendants have no authority to grant the relief sought. Specifically, they argue that because state law prohibits the use of an airbow to hunt, they do not have the authority to allow Plaintiff to use an airbow to hunt in violation of state law. Defendants again miss the mark. It is well-settled that a federal court can order a state entity to refrain from violating federal law.[28] If compliance with state law was a defense to a suit under *Ex parte Young*, "there would be precious few *Young* suits. State-law compliance is in fact a characteristic circumstance of most cases maintained under *Young*, which are brought not because the defendant officials are mavericks under state law but because the state law is claimed to violate federal law made controlling by the Supremacy Clause."[29] Accordingly, this argument too fails.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 10th day of February, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[28] *See Ex parte Young*, 209 U.S. at 159.
[29] *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 310–11 (Souter, J., dissenting).