## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LOUIS BADALAMENTI**                          **CIVIL ACTION**

**VERSUS**                                     **NO: 19-10849**

**LOUISIANA DEPARTMENT**
**OF WILDLIFE AND FISHERIES ET AL.**          **SECTION: "H"(1)**


## ORDER AND REASONS

Before the Court are Defendants' Motion for Summary Judgment (Doc. 39); Plaintiff's Motion for Partial Summary Judgment (Doc. 35); and Plaintiff's Motion to Limit the Expert Testimony of Jay McAninch (Doc. 36). For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion is **DENIED**, and Plaintiff's Motion in Limine is **DENIED AS MOOT**.


## BACKGROUND

Plaintiff Louis Badalamenti alleges that Defendants, the Louisiana Department of Wildlife and Fisheries (LDWF) and Jack Montoucet, in his official capacity as Secretary of the LDWF, have excluded Plaintiff from participating in bow hunting in Louisiana because of his disability. Plaintiff

alleges that he suffers from diabetic neuropathy and Dupuytren's disease in his hands, making it difficult and painful for him to "grasp objects, perform simple movements, and apply force and pressure."[1] Plaintiff alleges that his disability makes drawing a conventional bow and arrow or crossbow impossible, but he is able to operate an airbow, which can be operated with little grasping or squeezing strength. Plaintiff argues that the use of an airbow for archery hunting is a necessary and reasonable modification for his disability. Plaintiff made a request to Defendants to be allowed to use an airbow to hunt during the whitetail deer archery hunting season, but Defendants denied his request outright because it is illegal to hunt with an airbow under Louisiana law. Plaintiff now brings this action, alleging that Defendants have violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act by refusing to provide him with a reasonable modification for his disability.

Defendants have moved for summary judgment, alleging that Plaintiff lacks standing to bring his claim and that he cannot show that his requested accommodation is reasonable. Plaintiff moves for partial summary judgment on his claim for injunctive relief and for exclusion of Defendants' expert, Jay McAninch.  Because the Court finds that Plaintiff does not have standing to bring his claims, it need not address Plaintiff's motions.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if

---

[1] Doc. 1.

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

### A. Standing

At the outset, Defendants argue that Plaintiff lacks standing to assert this claim. "Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'"[10] "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue."[11] Standing requires a showing of three elements: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision.[12] As to the injury requirement, the injury must be concrete and particularized and actual or imminent, not conjectural or hypothetical.[13] "A plaintiff seeking injunctive relief, unlike a plaintiff seeking damages, must establish more than the existence of a 'past wrong' to satisfy the injury-in-fact requirement. Instead, a plaintiff must 'show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged conduct.'"[14]

---

[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10] Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013).

[11] Id. (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)) (internal quotation marks omitted).

[12] Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).

[13] Id. at 560.

[14] Smith v. Bd. of Comm'rs of La. Stadium & Exposition Dist., 371 F. Supp. 3d 313, 321 (E.D. La. 2019) (quoting Armstrong v. Turner Indus., Inc., 141 F.3d 554, 563 (5th Cir. 1998)).

Notably, "[t]he party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]."[15] "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation."[16] In response to a summary judgment motion like this one, the plaintiff "must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true."[17]

In their Motion, Defendants argue that Plaintiff does not have standing to bring this claim because he does not have a bowhunting license, an active hunting license, or a Physically Challenged Hunter's Permit (PCHP).[18] In a supplemental reply, Defendants presented new evidence that a lien for unpaid state income taxes was filed against Plaintiff in 2008, and he is therefore statutorily prohibited from obtaining a hunting license under Louisiana law.[19] Defendants argue therefore that even if injunctive relief is granted, Plaintiff cannot legally hunt in Louisiana. They argue that Plaintiff cannot "show that

---

[15] *Lujan*, 504 U.S. at 561.

[16] *Id.*

[17] *Id.* (internal quotation marks, brackets, and citations omitted).

[18] A PCHP is a permit that gives disabled hunters additional benefits and access to specially designated hunts and trails. Plaintiff's PCHP was revoked in 2019 after he failed to appear in court on two separate occasions for hunting-related criminal citations. There are outstanding bench warrants for those citations. Plaintiff has not hunted in Louisiana since his PCHP was revoked, and he has not sought reinstatement of his PCHP. The parties' briefing evinces some confusion about the effect of this revocation. The evidence shows that Plaintiff does not need to have his PCHP reinstated to legally hunt in Louisiana. *See* Doc. 44-1. Accordingly, it does not affect his standing to bring this action.

[19] In light of the jurisdictional nature of standing, this Court allowed this late-filed briefing and evidence. Doc. 63. The State of Louisiana's lien against Plaintiff is for delinquent income taxes for the years 2003 through 2006 in the amount of $57,418.00. Doc. 64.

he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged conduct."[20]

Plaintiff argues that Defendants' denial of his request to use an airbow deterred him from obtaining the necessary licenses to hunt. In support of this argument, Plaintiff cites to cases discussing the "deterrent effect" test of standing. Under the "deterrent effect" test, plaintiffs need only show that they were deterred from accessing a public accommodation to show standing.[21] Plaintiff cites to the Supreme Court's decision in *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, in which it held that the plaintiff environmental organization had established an injury in fact sufficient to create standing when its members testified that the defendant's pollution deterred them from participating in recreational activities on the allegedly polluted river.[22] Likewise, in *Smith v. Board of Commissioners of Louisiana Stadium & Exposition District*, the court held that the plaintiff had standing where she had testified that the alleged disability discrimination at issue deterred her from attending future events at the defendants' event venue.[23] Finally, in *Beverly R. on behalf of E.R. v. Mt. Carmel Academy of New Orleans, Inc.*, the court held that the plaintiff had standing even though she did not submit an application to attend the defendant school where applying would have been futile in light of the defendant's position that it could not accommodate her wheelchair-bound child.[24]

---

[20] Doc. 39.

[21] *See* Frame v. City of Arlington, 657 F.3d 215, 236 (5th Cir. 2011); Smith v. Bd. of Comms. of La. Stadium & Expo. Dist., 371 F. Supp. 3d 313, 324 (E.D. La. 2019) aff. in relevant part Smith v. France, 850 F. App'x 243, 247 (5th Cir. 2021).

[22] 528 U.S. 167, 181 (2000).

[23] 371 F. Supp. 3d at 324 (E.D. La. 2019).

[24] No. CV 20-2924, 2021 WL 1109494, at *3 (E.D. La. Mar. 23, 2021)

In his deposition, Plaintiff testified that he is an avid hunter and has recently hunted in other states both with and without the airbow. He testified that he has not applied for a hunting license in Louisiana "because of the state's ruling."[25] Indeed, from Plaintiff's perspective, he would have no use for a bowhunting license if he was not permitted to use the airbow. "[A] disabled individual need not engage in futile gestures before seeking an injunction."[26] Further, an application for a hunting and bowhunting license can be completed online for a small fee, and therefore it is not likely to prevent a favorable decision from redressing Plaintiff's alleged injury.[27] Accordingly, the Court does not find that Plaintiff's failure to apply for a hunting or bowhunting license prevents standing in this case.

That said, the Court finds that Plaintiff's inability to obtain a hunting or bowhunting license is a different matter. Louisiana Revised Statutes § 47:296.3 states that:

A. Hunting or fishing licenses shall be suspended, revoked, or denied at such time as the Department of Revenue has an assessment or judgment against an individual that has become final and nonappealable, if the amount of the final assessment or final judgment is in excess of five hundred dollars of individual income tax, exclusive of penalty, interest, costs, and other charges.

B. The suspension, revocation, or denial shall be effective until such time as the individual has paid or made arrangements to pay the delinquent tax, interest, penalty, and all costs and the

---

[25] Doc. 39-1.

[26] *Frame*, 657 F.3d at 236.

[27] "[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561.

Department of Revenue notifies the Department of Wildlife and Fisheries of the payment.[28]

Defendants have shown that a tax lien was filed against Plaintiff, and he has been ineligible to obtain a hunting license since 2016. Plaintiff does not present any contrary evidence.

Plaintiff also has not shown that the denial of his request to use an airbow deterred him from resolving his tax lien. Indeed, he admits that prior to Defendants' supplemental reply, he was unaware that his tax lien precluded him from obtaining a hunting license. Even so, Plaintiff argues that this additional "roadblock" should not prevent standing in this case. Plaintiff argues that under § 47:296.3 he need only "make arrangements to pay" his tax lien to obtain a hunting license. Plaintiff argues that the fact that there are further obstacles to complete relief does not foreclose standing. In so arguing, Plaintiff cites to the Ninth Circuit's decision in *Ibrahim v. Department of Homeland Security*, in which the court held that the plaintiff had standing to seek removal of her name from the United State's No-Fly list even where the revocation of her United States visa would still prevent her from entering the country.[29] The court noted that the inclusion of the plaintiff's name on the No-Fly list caused injuries unrelated to returning to the United States—such as preventing her from boarding a U.S. carrier or flying over U.S. airspace.[30]

The Court finds this decision easily distinguishable. Here, Plaintiff is not independently harmed by Defendants' denial of his request to use an airbow if he cannot overcome the hurdle of addressing his tax lien so that he can obtain

---

[28] LA. REV. STAT. § 47:296.3.

[29] Ibrahim v. Dep't of Homeland Sec., 669 F.3d 983, 992 (9th Cir. 2012).

[30] *Id.*

8

a hunting license. Plaintiff has not provided this Court with any evidence that he will be able to pay the lien or make arrangements to do so.[31] "[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[32] Plaintiff has not shown that it is likely that his injury will be redressed by a favorable decision where he cannot currently obtain a hunting license in Louisiana and has not shown that he will be able to obtain a hunting license. This Court finds, therefore, that Plaintiff lacks standing to bring this action.

## B. Disability Discrimination

Assuming *arguendo* that Plaintiff does have standing to bring this action, the Court still finds that his claims fail on their merits. Plaintiff brings claims for disability discrimination under Title II of the ADA and Section 504 of the Rehabilitation Act.[33] Specifically, Plaintiff alleges that Defendants discriminated against him because of his disability when they denied him a reasonable modification to engage in archery hunting—specifically, an exception from the enforcement of the state law prohibiting the use of an airbow to hunt.  The Fifth Circuit has recognized "that a public entity's failure reasonably to accommodate the known limitations of persons with disabilities can . . . constitute disability discrimination under Title II."[34] "To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified

---

[31] Plaintiff argues that Defendants have not shown that he is unable to pay the lien or make arrangements to do so. Plaintiff, however, has the burden to show standing.

[32] Moore v. Bryant, 853 F.3d 245, 249 (5th Cir. 2017); *Lujan*, 504 U.S. at 561.

[33] "The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act of 1973 . . . . Jurisprudence interpreting either section is applicable to both." Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000).

[34] Windham v. Harris Cty., Texas, 875 F.3d 229, 235 (5th Cir. 2017).

9

individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations."[35]

Defendants do not dispute that Plaintiff has a qualifying disability or that they were aware of his disability. The parties primarily dispute the third element—whether Plaintiff's request to use an airbow was reasonable. "The ADA and the Rehabilitation Act impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals."[36] Title II does not, however, require the State to "employ any and all means" to make services accessible to persons with disabilities.[37] "An accommodation is unreasonable if it imposes undue financial or administrative burdens or requires a fundamental alteration in the nature of the program. Determination of the reasonableness of a proposed modification is generally fact-specific."[38]

Plaintiff alleges that his request to use an airbow to hunt during archery season is reasonable because his disability prevents him from operating any archery weapon that is currently permitted in the state and because the request does not require Defendant to expend any resources. It need only provide him with an exception to enforcement of the prohibition on the use of an airbow.

Defendants, on the other hand, argue that the ADA does not require it to give Plaintiff his preferred accommodation, but rather, only requires that it

---

[35] Smith v. Harris Cty., Texas, 956 F.3d 311, 317 (5th Cir. 2020).

[36] Cadena v. El Paso Cty., 946 F.3d 717, 723 (5th Cir. 2020).

[37] Tennessee v. Lane, 541 U.S. 509, 531–32 (2004).

[38] Bailey v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist., 484 F. Supp. 3d 346, 427 (E.D. La. 2020), aff'd sub nom. Bailey v. France, 852 F. App'x 852 (5th Cir. 2021); see Tennessee, 541 U.S. at 531–32.

10

afford Plaintiff an equal opportunity to participate in archery hunting. Defendants point out that Louisiana law already provides accommodations for disabled hunters to engage in archery hunting. Louisiana Revised Statutes § 56:116.3 provides that:

> A licensee having a disability which totally and permanently prevents his using a long bow or other conventional archery equipment, as first certified by a medical doctor duly licensed to practice medicine in this state, and having an approved permit from the department, shall be permitted to take legal deer with a crossbow or a bow that is drawn, held, and released by mechanical means, and the taking of deer with a crossbow or a bow that is drawn, held, and released by mechanical means shall be permitted in the season in which deer may be taken by rifle, or a handgun, or a shotgun not larger than a No. 10 gauge, as well as in the special deer hunting season provided in R.S. 56:116. Magnified scopes may be used with crossbows.

The state also permits disabled hunters to utilize personal assistants in the field to draw the bow.

Plaintiff has not shown that he cannot use one of the reasonable accommodations for disabled archers already provided by law. Plaintiff testified that he went to a crossbow shop and tried various mechanical cocking devices but found that he could not operate them.[39] However, he also testified that he has not tried using a crossbow operated by a mouth tab device but that he would "be open to looking at it."[40] Further, Plaintiff does not explain why he cannot participate in archery with the aid of a personal assistant. Plaintiff argues only that he feels that using a personal assistant to cock the bow is unsafe. It is well settled that "[t]he ADA provides for reasonable

---

[39] Doc 39-2.

[40] *Id.*

accommodation, not preferred accommodation."[41]  It requires only "that a defendant provide a plaintiff with an accommodation that is reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered."[42] Because there are reasonable modifications available to Plaintiff, he cannot say that he has been excluded from archery or that he cannot equally participate in archery in Louisiana.  Plaintiff's claims for disability discrimination under Title II and the Rehabilitation Act fail on their merits.

## C. Interactive Process

Finally, Plaintiff argues that Defendants failed to engage in an interactive dialogue with him regarding his request for a modification. It is well-settled that under the ADA an employee and employer must engaged in a "good faith interactive process" regarding the employee's need for an accommodation.[43] "However, it is unclear if this obligation to engage in a sufficient interactive process extends to situations outside the employment context."[44] Plaintiff does not provide any argument that it does. Further, it seems such a dialogue would have been futile where Plaintiff would only accept a modification allowing the use of an airbow. Assuming Plaintiff had standing to bring it, this claim also fails on its merits.

---

[41] Arce v. Louisiana, 226 F. Supp. 3d 643, 651 (E.D. La. 2016).

[42] Bailey v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist., 441 F. Supp. 3d 305, 314 (E.D. La. 2020); Francois v. Our Lady of the Lake Hosp., Inc., 8 F.4th 370, 379 (5th Cir. 2021) ("We agree with the Eleventh Circuit that when 'effective communication under the circumstances is achievable with something less than an on-site interpreter, then the hospital is well within its ADA and RA obligations to rely on other alternatives.'"); Wells v. Thaler, 460 F. App'x 303, 313 (5th Cir. 2012) ("Although the law library did not provide Wells his requested accommodations, the Defendants–Appellees demonstrate that the existing accommodations were more than sufficient to give Wells effective and meaningful access to the law library.").

[43] Loulseged v. Akzo Nobel Inc., 178 F.3d 731, 735 (5th Cir. 1999).

[44] *Bailey*, 484 F. Supp. 3d at 433.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion is **DENIED**, and Plaintiff's Motion in Limine is **DENIED AS MOOT**. All of Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

New Orleans, Louisiana this 12th day of October, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**